**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE No.   20-50058 (JAM) |
| CAROLINA LLANGARI-PICO, ) | |
| ) | CHAPTER   13 |
|     DEBTOR. ) | |
| ) | |
| U.S. BANK, NATIONAL ASSOCIATION, ) | |
|     MOVANT, ) | |
| ) | |
| v. ) | |
| ) | |
| CAROLINA LLANGARI-PICO, ) | |
|     RESPONDENT. ) | RE: ECF No.  8 |
| ) | |

**Appearances**

| | |
|---|---|
| Ms. Carolina Llangari-Pico | *Pro se Debtor* |
| | |
| Jessica L. Braus | *Attorney for Movant* |
| Glass & Braus | |
| 2452 Black Rock Turnpike | |
| Suite 7 | |
| Fairfield, CT 06825 | |
| | |
| Roberta Napolitano | *Chapter 13 Trustee* |
| 10 Columbus Boulevard | |
| 6th Floor | |
| Hartford, CT 06106 | |

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING MOTION TO DISMISS WITH PREJUDICE**

Julie A. Manning, Chief United States Bankruptcy Judge

**I.     Introduction**

      Carolina Llangari-Pico (the "Debtor"), proceeding *pro se*, filed a Chapter 13 petition on

January 16, 2020.  On January 29, 2020, U.S. Bank National Association, as trustee, on behalf of

1

the holders of the CSMC Mortgage- Backed Pass-Through Certificates, Series 2007-1 ("U.S. Bank") filed a Motion to Dismiss with Prejudice seeking to bar the Debtor from filing a case under any chapter of the Bankruptcy Code for a period of two years (the "Motion to Dismiss with Prejudice").  ECF No. 8.  On April 13, 2020, the Chapter 13 Trustee filed a Response in support of the Motion to Dismiss with Prejudice.  ECF No. 22.

A Notice of Hearing on the Motion to Dismiss with Prejudice was issued on April 1, 2020, scheduling a telephonic hearing for May 5, 2020 at 10:00 a.m.  ECF No. 18.  The Debtor was served with the Notice of Hearing via first class mail.  *See* ECF No. 21.  The Courtroom Deputy contacted the Debtor on May 1, 2020, informed the Debtor of the telephonic hearing scheduled for May 5, 2020 at 10:00 a.m., and provided the Debtor with instructions on how to participate in the telephonic hearing.  *See* ECF No. 25.  The hearing on the Motion to Dismiss with Prejudice on was held on May 5, 2020, at which counsel for U.S. Bank and the Chapter 13 Trustee appeared, but the Debtor did not appear.  At the conclusion of the hearing, the Court granted the Motion to Dismiss with Prejudice and stated that an order granting the motion would enter.  For the reasons stated on the record during the May 5th hearing, and for the reasons that follow, the Motion to Dismiss with Prejudice is granted.

## II.    **Background**[1]

1.    U.S. Bank is the holder of a first mortgage on property commonly known as 29 Ward Street, Norwalk, CT 06851 (the "Property") owned by the Debtor and her husband, Ronaldo Pico.

---

[1] The facts set forth herein are contained in the Motion to Dismiss with Prejudice and exhibits attached thereto, unless otherwise indicated.

2. On February 9, 2018, the Movant commenced a foreclosure action against the Debtor and her husband in Connecticut Superior Court (the "State Court Foreclosure Action"). *See U.S. Bank v. Ronaldo Pico and Carolina Pico*, Case No. FST-CV18-6035659-S.

3. A Judgment of Strict Foreclosure entered in the State Court Foreclosure Action on January 22, 2019, setting a law day of April 2, 2019.

4. On March 29, 2019, Ronaldo Pico filed his first Chapter 13 case, which was dismissed on April 16, 2019 for failure to file required information. *See* Case No. 19-50411.

5. On June 17, 2019, the Judgment of Strict Foreclosure was reopened and modified to set a new law day of July 16, 2019.

6. On July 12, 2019, the Debtor filed her first Chapter 13 case, which was dismissed on July 30, 2019 for failure to file required information. *See* Case No. 19-50933.

7. On October 15, 2019, the Judgment of Strict Foreclosure was reopened and modified to set a new law day of November 26, 2019.

8. On November 22, 2019, Ronaldo Pico filed his second Chapter 13 case, which was dismissed on December 10, 2019 for failure to file required information. *See* Case No. 19-51535.

9. On December 30, 2019, the Judgment of Strict Foreclosure was reopened and modified to set a new law day of January 21, 2020.

10. The Debtor filed her second Chapter 13 case, the instant case, on January 16, 2020.

11. U.S. Bank filed the Motion to Dismiss with Prejudice on January 29, 2020.

12. The Chapter 13 Trustee filed a Response in support of the Motion to Dismiss with Prejudice on April 13, 2020, stating that the Debtor has not made a plan payment or attended a meeting of creditors in the instant case.

## III. Discussion

Section 1307(c), which governs dismissal of Chapter 13 cases, provides, in part, as follows:

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…

11 U.S.C. § 1307(c). Subsection (c) further provides "a non-exhaustive list of events that would be considered 'for cause.' Although not expressly enumerated in the statute, it is well established that lack of good faith may also be cause for dismissal under § 1307(c)." *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017) (internal quotation marks and citations omitted). A court must review the totality of the circumstances to determine whether a case should be dismissed for lack of good faith. *Id.* at 499-500. The totality of the circumstances analysis "should take into consideration whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (quoting *In re Love,* 957 F.2d 1350, 1357 (7th Cir. 1992)).

Although dismissal of a case is generally without prejudice, section 349(a) "expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd,* 198 F.3d 327 (2d Cir. 1999). Section 349(a) provides that "[u]nless the court, for cause,

orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349. Therefore, "if 'cause' exists, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse*, 219 B.R. at 662.

In addition to the authority to dismiss a case for cause set forth in section 349(a), section 105(a) provides that "[n]o provision of this title shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Section 105(a) provides bankruptcy courts with a general grant of power to police dockets and afford appropriate relief. *See* 2 *Collier on Bankruptcy*, ¶105.01[2] (16th ed. 2020) (citing *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017), *reconsideration denied*, 582 B.R. 358 (Bankr. S.D.N.Y. 2018) ("Section 105(a) is understood as providing courts with discretion to accommodate the unique facts of a case consistent with policies and directives set by the other applicable substantive provisions of the Bankruptcy Code.")). Thus, section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process.

The facts and circumstances surrounding the Debtor's case support the conclusion that cause exists to grant the Motion to Dismiss with Prejudice. The record establishes that the case was not filed in good faith, but rather was filed to hinder, delay, or frustrate creditors, which is an abuse of the bankruptcy process. In this case, as in her first Chapter 13 case, the Debtor failed to file required schedules and statements, failed to attend a meeting of creditors in accordance with 11 U.S.C. § 341(a), and failed to make required payments to the Chapter 13 Trustee in

accordance with 11 U.S.C. § 1326.  Likewise, Ronaldo Pico did not file required schedules or make required payments to the Chapter 13 Trustee in either of his two Chapter 13 cases.  The sole purpose of the instant case, as well as the Debtor's prior filing and Ronaldo Pico's prior filings, is to hinder, delay, and frustrate the State Court Foreclosure Action.

The timing of the bankruptcy filings also supports the finding of bad faith; all five bankruptcy cases were filed just before scheduled law days.  The pattern and timing of the filing of the Debtor's bankruptcy cases and Ronaldo Pico's bankruptcy cases enables the Court to conclude the bankruptcy cases were filed to stay proceedings in the State Court Foreclosure Action and not for a proper bankruptcy purpose.  *See In re Bolling*, 609 B.R. 454, 456-57 (Bankr. D. Conn. 2019) (dismissing a chapter 13 case with prejudice when facts showed the debtor's multiple bankruptcy filings were solely for frustrating foreclosure proceedings and without genuine bankruptcy purpose).

Further underscoring the lack of bankruptcy purpose of the instant case – and thus the finding of bad faith – is that the automatic stay terminated on the thirtieth day after the filing of the case because the Debtor did not seek to continue it.  Section 362(c)(3) provides as follows:

> if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed …
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
> > (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

11 U.S.C. § 362(c)(3). The Debtor's first Chapter 13 case was dismissed on July 30, 2019. The Debtor filed the instant case, her second Chapter 13 case, on January 16, 2020. Since the Debtor's first Chapter 13 case was pending and was dismissed within the one-year period preceding the filing of the instant case, the automatic stay terminated on the thirtieth day after filing the instant case because the Debtor did not seek to continue the automatic stay under subsection 362(c)(3)(B).

Because the Court concludes that the instant case was filed to hinder, delay, and frustrate creditors from exercising their applicable non-bankruptcy law rights to foreclose and not for a proper bankruptcy purpose, a two-year bar to refiling is appropriate under the circumstances of this case. Accordingly, it is hereby

**ORDERED**: Pursuant to 11 U.S.C. §§ 1307(c), 349(a), and 105(a), the Motion to Dismiss with Prejudice is granted, the Debtor's case is dismissed for cause and with prejudice, and the Debtor is barred from filing for relief under any chapter of the Bankruptcy Code, in any bankruptcy court, for a period of not less than two (2) years from the date of entry of this Order; and it is further

**ORDERED**: At or before 5:00 p.m. on May 14, 2020, the Clerk's Office shall serve this Order upon the Debtor on the address listed on the petition.

Dated at Bridgeport, Connecticut this 14th day of May, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut